UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARBARA KAPISI,

    Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA; et al.,

    Defendants.
                                    /

No. C 08-4314 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Barbara Kapisi, currently an inmate at the Monterey County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983. Kapisi alleges in her complaint that, on March 26, 2008, defendants searched her hotel room at the Country Inn without a warrant and without her consent. She states that the defendants had a search warrant for someone who did not live in the room. Her complaint is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980). The same protections apply to an individual in his or her hotel room. United States v. Brooks, 367 F.3d 1128, 1133 n.4 (9th Cir. 2004) (citation omitted). Liberally construed, the allegations in the complaint that Kapisi's hotel room was searched without her consent state a cognizable claim for a Fourth Amendment violation. Kapisi has named as defendants seven law enforcement officers, most in the narcotics division, who were involved in the search of her hotel room. She has adequately linked them to her claim.

Kapisi also names as defendants Monterey County Sheriff Kankelakis and California Governor Arnold Schwarzenegger. She does not allege that either of these individuals played any role in the search of her hotel room, and apparently names them because they are the people in charge of governmental entities. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the Sheriff and Governor will be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Lindholm, Karamitis, Pickens, Jorgenson, Gonzales, Clester, and Davis for a violation of her rights under the Fourth Amendment. Monterey County Sheriff Kankelakis and California Governor Arnold Schwarzenegger are dismissed from this action.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants:

- Officer K. Lindholm (California Highway Patrol)
- Sergeant D. Karamitis (Monterey County Sheriff - narcotics division)
- Detective B. Pickens (Monterey County Sheriff - narcotics division)
- Detective R. Jorgenson (Monterey County Sheriff - narcotics division)
- Deputy R. Gonzales (Monterey County Sheriff - narcotics division)
- Deputy B. Clester (Monterey County Sheriff - narcotics division)
- Deputy M. Davis (Monterey County Sheriff - narcotics division).

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **June 5, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 10, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as she prepares her opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

3

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **July 31, 2009**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to her opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time she is moved to a new facility.

  7. Plaintiff is cautioned that she must include the case name and case number for this case on any document she submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: March 3, 2009

            _____
            SUSAN ILLSTON
            United States District Judge